UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| COURTNEY JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>DEL GARCIA, WILLIAMS, HAYES, MCMULLEN, THORNBURG,<br><br>Defendants. | CAUSE NO.: 2:25-CV-192-TLS-JEM |

**OPINION AND ORDER**

Courtney Johnson, a prisoner without a lawyer, filed an amended complaint. ECF 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Johnson was confined in the Grant County Jail while awaiting trial.[1] He alleges that the jail was intended to house approximately 250 inmates, but the jail population had reached approximately 350 inmates. Due to the size of the jail population, Johnson was required to sleep on a mattress that he describes as unsanitary. He believes the mattress caused his skin to become "agitated." ECF 8 at 3. He indicates that it felt like he was being bitten by bugs and like bugs were crawling on him. He also describes stagnant water in the showers and problems with

---

[1] Johnson has recently moved to the Indiana State Prison. ECF 9.

wastewater coming back up the toilet and sink, although he provides no further details about these problems.

As a pre-trial detainee, Johnson's rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). The Fourteenth Amendment guarantees inmates "the minimal civilized measure of life's necessities," which includes "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (citation omitted). The challenged condition must result in a deprivation that is "objectively serious enough to amount to a constitutional deprivation." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015); *see also Bell v. Wolfish*, 441 U.S. 520, 539 n.21 (1979) ("There is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." (quoting *Ingraham v. Wright*, 430 U.S. 651, 674 (1977))). Then, to state a claim for damages against an individual defendant, the plaintiff must allege the defendant's "response was objectively unreasonable under the circumstances; and that [the defendant] acted purposely, knowingly, or recklessly with respect to the consequences of [his] actions." *Mays v. Emanuele*, 853 F. App'x 25, 26–27 (7th Cir. 2021) (citing *Hardeman*, 933 F.3d at 823; *Miranda*, 900 F.3d at 353–54). "A jail official's response to serious conditions of confinement is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose' or is 'excessive in relation to that purpose.'" *Id.* at 27 (quoting *Kingsley*, 576 U.S. at 398).

In his amended complaint, Johnson does not describe the condition of the mattress in any detail. He does not indicate when he received this mattress or how long he was required to use the mattress. He does not describe the condition of the showers in any detail except to note that, on at least one occasion, there was stagnant water in the shower. The same is true of his

2

allegations regarding backups of wastewater in the toilet or sink. His allegations are far too vague to permit a plausible inference that the deprivations he describes were objectively serious enough to amount to a constitutional violation.

Furthermore, he has not described any interaction with the named defendants regarding these conditions. Without information about what information was communicated to each defendant and how that defendant responded, the court cannot make a finding that the response was objectively unreasonable under the circumstances or that any defendant acted purposely, knowingly, or recklessly with respect to the consequences of their actions. Therefore, Johnson has not plausibly alleged that any defendant violated the Fourteenth Amendment by subjecting him to unconstitutional conditions of confinement.

Johnson does indicate that he filed grievances about these matters, although again many details are omitted. Johnson indicates he filed a grievance on April 21, 2025, but it is unclear what this grievance said. He filed another grievance on April 22, 2025, directed to Sgt. Christopher McMullen, but it is again unclear which condition Johnson may have complained about in that grievance. Sgt. McMullen denied the grievance, but Johnson does not provide any further information about the denial. Johnson appealed the denial of the grievance on June 27, 2025. Johnson indicates that no remedy was provided and further attempts to grieve the matter were ignored. Johnson claims that each of the defendants has neglected to redress or acknowledge his grievances, and they have each hindered his grievance process. Johnson, however, cannot proceed against the defendants for how they handled his grievances because Johnson has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

3

Johnson also alleges that the defendants retaliated against him for filing grievances by refusing to provide grievance forms. "To prevail on his First Amendment retaliation claim, [Johnson] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendant['s] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (cleaned up). Johnson's complaint does not plead facts from which it could be plausible inferred that any defendant denied him a grievance form because he filed a grievance.

Furthermore, when determining whether an action is sufficiently adverse, courts consider "whether the alleged conduct by the defendants would likely deter a person of ordinary firmness from continuing to engage in protected activity." *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (quoting *Surita v. Hyde*, 665 F.3d 860, 878 (7th Cir. 2011)). "This is an objective standard; it does not hinge on the personal experience of the plaintiff." *Holleman v. Zatecky*, 951 F.3d 873, 880 (7th Cir. 2020). "[T]he harsh realities of a prison environment affect our consideration of what actions are sufficiently adverse. 'Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse.'" *Id.* at 880–81 (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999)). "It would trivialize the First Amendment to hold that harassment for exercising the right of free speech was always actionable no matter how unlikely to deter a person of ordinary firmness from that exercise . . . ." *Bart v. Telford*, 677 F.2d 622, 625 (7th Cir. 1982). Being denied grievance forms would not deter a person of ordinary firmness from engaging in future First Amendment activity. Therefore, Johnson cannot proceed against any defendant on a First Amendment claim for retaliation.

The amended complaint is short on facts, dates, and specifics about the conditions at the jail and Johnson's interactions with the defendants about those conditions. Based on what it does say, it is not plausible to infer that any constitutional violation occurred. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (cleaned up). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (cleaned up). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

The amended complaint does not state a claim for which relief can be granted. If Johnson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word

"Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Courtney Johnson until **February 26, 2026**, to file an amended complaint; and

(2) CAUTIONS Courtney Johnson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 22, 2026.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT
